*CLEARED FOR PUBLIC FILING BY CSO*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Ghanim-Abdulrahman al-Harbi, et al.,**

                *Petitioners,*

      v.

**George W. Bush, et al.,**

               *Respondents.*

**Civil Action No: 05-CV-2479 (HHK)**

**OPPOSITION TO RESPONDENTS' MOTION FOR PROCEDURES RELATED TO REVIEW OF CERTAIN DETAINEE MATERIALS**

Petitioners, by their counsel, oppose the Respondents' Motion for Procedures Related to Review of Certain Detainee Materials seeking to institute a "Filter Team" to review privileged legal mail that the government impounded in violation of the Amended Protective Order and the attorney-client privilege. In support of this opposition, petitioners state as follows:

**Introduction**

In the course of investigating three inmate deaths, the government seized from detainees and impounded "legal mail" – attorney-client communications. The government attempts to justify this wholesale confiscation on the ground that certain detainees may have used the protected status of legal mail surreptitiously to communicate information to other detainees in furtherance of a scheme to encourage or facilitate detainee suicides.

Respondents now seek court approval for the creation and establishment of a "Filter Team" whose purpose would be to review the privileged material and determine which, if any, should be returned. Petitioners herein oppose this motion first because the government's seizure of privileged materials was excessive in scope and unjustified in law, second, because the seizure violates the attorney-client privilege and, finally, the creation and establishment of yet another legal mail monitoring system would unjustly compromise Petitioners' basic right to counsel.

## Argument

A. **The Government's Rationale for Its Indiscriminate Confiscation of Privileged Legal Mail is Unpersuasive for Any of the *Habeas* Cases But Particularly So With Respect to the Instant Petitioners Who Have Received No Legal Mail to Date.**

It is an elemental principle of law that the scope of a seizure must be reasonably tailored to the circumstances giving rise to the probable cause. *See e.g. Katz v. United States*, 389 U.S. 347, 353 (1967). Here, the seizure of *all* legal mail is wholly incommensurate with the few examples of suspected mail identified by respondents. The governments' explanation thus provides no probable cause to support an assertion that all detainees are or were participating in a plot to encourage suicides under cover of protected legal mail. In the instant case, not even an *argument* can be made to that effect. To date, counsel for the petitioners in this case have been unable to contact their clients. No correspondence – privileged or otherwise – has been sent by counsel to the petitioners in this case.[1] Thus, none of the impounded material from these petitioners could give rise to respondents' stated concerns that detainees are misusing the attorney-client communication system.

B. **Respondents Have Failed to Meet Their Burden of Establishing Proper Cause for Their Violation of the Attorney-Client Privilege.**

The attorney-client privilege is the oldest and one of the most important privileges underlying our system of laws. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). This Court has recognized the central role of the attorney-client privilege in the context of the litigation involving Guantanamo Bay detainees. *Al Odah v. United States,* 346 F. Supp. 2d 1 (D.D.C. 2004). ("The privilege that attaches to communications between counsel and client has long held an exceptional place in the legal system of the United States."). The Court has specifically held that "the government is not entitled to unilaterally impose procedures that

---

[1] The Petitioners in this case have not received any communications from their counsel because none had been permitted prior to the July 5, 2006 entry of the Amended Protective Order. The recent entry of the Amended Protective Order in this case cleared one of the hurdles to such communication, but other administrative and language barriers may still need to be cleared before such communication is possible.

abrogate the attorney-client relationship and its concomitant attorney-client privilege covering communications between them." *Id.* at 5.

Respondents have made *no* showing that any conduct or activity of the petitioners in this case justifies an invasion of the attorney-client privilege. In the absence of such a showing, the Court should not condone or ratify the seizure, impoundment or review of privileged materials. *See e.g., United States v. Stewart*, No. CR 396 JGK, 2002 WL 1300059 (S.D.N.Y. June 11, 2002). Detainees and their counsel should be assured that if they abide by the terms of the Amended Protective Order and do not misuse the attorney-client mail system, the confidential nature of their communications will be respected and preserved.

Requiring the respondents to show individual and particularized need for interference with the relationship of a specific lawyer and his or her specific client will help preserve the privilege in those situations where there is no legitimate basis for interference with it. Because the respondents have made no such showing in this case – and indeed their papers do not reflect a showing of proper cause in any case – the relief they seek should be denied.

    C.    <u>Respondents' Proposed Procedures Would Chill Legitimate and Necessary Attorney-Client Communication.</u>

Finally, the creation of yet another security filter to monitor future attorney-client communications erects an unwarranted element of intimidation into Petitioners' relationship with counsel thus materially compromising the fundamental rights established for Guantanamo Bay detainees in *Rasul v. Bush, et al.*, 542 U.S. 466 (2004) and *Al Odah supra*.

Nearly one year ago, the petitioners in this case expressed a desire to be represented and have the assistance of counsel. The procedural hoops and obstacles that must be overcome before Guantanamo Bay detainees' *habeas* counsel can have access to their clients have made it impossible for counsel to communicate with the petitioners. The entry of the Amended Protective Order on July 5, 2006 represented a major step in that process and now permits

counsel to engage in such basic communication as writing a letter to their clients. Neither counsel nor the petitioners should be faced with the prospect that their recently won right to have access to one another in a confidential attorney-client relationship will be negated by wholesale and unwarranted invasions of that confidential relationship.

This Court has recognized that Guantanamo Bay detainees are entitled to be represented by counsel. The touchstone of effective representation in these circumstances rests upon the ability of detainees to trust that their communications with their lawyers will be kept in confidence, and not shared with government personnel, especially the captors, jailers and interrogators who are perceived by these petitioners as the "opposing party" in this litigation and responsible for their unwarranted and unjust detention.

It is highly unlikely that the petitioners would believe that their communications with counsel are confidential if a DoD "Filter Team" is threatened any time the government determines an investigation should be conducted. The confidence is eroded even further in a context where the government seizes the privileged documents first and then asks for permission later. Moreover, as the circumstances of the current seizure and impoundment demonstrate, there is nothing that a detainee can do to avoid the prospect of a sweeping seizure and review of privileged communications. The government has apparently taken the position in this instance that it need not make any showing that a particular detainee's conduct or activity justifies an invasion of the privilege. Rather the government relies upon isolated circumstances with very questionable context to justify the seizure of documents from each and every detainee, regardless of whether or not the particular and individual circumstances of the detainee support the seizure. A detainee who follows appropriate guidelines for the legal mail system and who does not use the system for any improper purpose will have the confidentiality of his communications violated if there is a wholesale impoundment and review of legally protected documents and communications.

*CLEARED FOR PUBLIC FILING BY CSO*

## CONCLUSION

Based upon the foregoing, the Respondents' Motion for Procedures Related to Review of Certain Detainee Materials should be denied.

Dated: July 21, 2006

        REED SMITH LLP

        By:   /s/ Douglas K. Spaulding
           Douglas K. Spaulding, D.C. Bar No. 936948
           Bernard J. Casey, D.C. Bar No. 112219
           Melissa J. Keppel, D.C. Bar No. 477302
           1301 K Street, NW
           Suite 1100 – East Tower
           Washington, DC 20005
           Tel: (202) 414-9200

        - and -

        CENTER FOR CONSTITUTIONAL RIGHTS
           Barbara J. Olshansky (NY-0057)
           666 Broadway, 7th Floor
           New York, NY 10012
           Tel: (212) 614-6485
           Fax: (212) 614-6499

        *Counsel for Petitioners*

*CLEARED FOR PUBLIC FILING BY CSO*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ghanim-Abdulrahman al-Harbi, et al.,** *Petitioners,* v. **George W. Bush, et al.,** *Respondents.* | Case Number: 1:05CV02479<br>Judge: Henry H. Kennedy<br>Deck Type: Habeas Corpus/2255 |

## PROPOSED ORDER

Having considered respondents' Motion for Procedures Related to Review of Certain Detainee Materials (Doc. 17) and petitioners' Opposition thereto (Doc. 19), it is hereby,

ORDERED, that the respondents' motion is DENIED.


DATED: _____          _____
                                Henry H. Kennedy Jr.
                                United States District Judge

*CLEARED FOR PUBLIC FILING BY CSO*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Petitioners' Opposition to Respondents' Motion for Procedures Related to Review of Certain Detainee Materials was served upon the following person by electronic filing and email on the 21st day July, 2006:

**Terry M. Henry, Esq.**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC  20530


/s/ Douglas K. Spaulding
Douglas K. Spaulding