*CLEARED FOR PUBLIC FILING BY CSO*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ghanim-Abdulrahman al-Harbi, et al.,** | |
| *Petitioners,* | **Civil Action No: 05-CV-2479 (HHK)** |
| v. | |
| **George W. Bush, et al.,** | |
| *Respondents.* | |

## MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONERS AND THE COURT WITH 30-DAYS ADVANCE NOTICE OF ANY INTENDED REMOVAL OF PETITIONERS FROM GUANTANAMO

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651, Petitioners respectfully move for an order requiring Respondents to provide counsel for Petitioners and the Court with 30-days advance notice of any intended removal of Petitioners from Guantánamo Bay Naval Base in Cuba ("Guantánamo"). On information and belief, Respondents have removed some detainees from Guantánamo and transferred them to foreign territories where they were tortured or imprisoned without due process of law. Petitioners are requesting the advance notice to enable their counsel to contest any such removal and transfer and to preserve the jurisdiction of the Court in this matter.

### STATEMENT OF FACTS

Petitioner Al-Harbi is from Saudi Arabia. Petitioner Merozhev is from Tajikistan. Petitioner Mingazov is from Russia. Petitioners are being detained as "enemy combatants" at the Guantánamo Bay Naval Base in Cuba. As detailed in the habeas petition that Petitioners filed, Petitioners deny being "enemy combatants" and contend they are being detained in violation of the Constitution, treaties and laws of the United States.

*CLEARED FOR PUBLIC FILING BY CSO*

Petitioners have reason to fear they will be transferred to a country where they will be tortured and/or detained indefinitely without due process of law.  Upon information and belief, the United States has secretly removed detainees and others suspected of terrorist crimes to other countries for interrogation or detention without complying with extradition or other legal process.  This practice, known as "rendition," "irregular rendition," or "extraordinary rendition," is understood to be used to facilitate interrogation by subjecting detainees to torture.

According to reports by American and foreign news organizations, including the *Washington Post*, the *Los Angeles Times* and the British Broadcasting Corporation, the United States Government has repeatedly transferred detainees into the custody of foreign governments that employ inhumane interrogation techniques.  According to an article in the *New Yorker*, the "rendition" process was originally "a program aimed at a small, discrete set of suspects – people against whom there were outstanding foreign arrest warrants," but after September 11 came to include a "wide and ill-defined population that the Administration terms 'illegal enemy combatants.'"  Jane Mayer, *Outsourcing Torture*, New Yorker, Feb. 14, 2005, at http://www.newyorker.com/fact/content/?050214fa_fact6, ¶ 7.  According to the *Washington Post*,

> Since Sept. 11, the U.S. government has secretly transported dozens of people suspected of links to terrorists to countries other than the United States, bypassing extradition procedures and legal formalities, according to Western diplomats and intelligence sources.  The suspects have been taken to countries . . . whose intelligence services have close ties to the CIA and where they can be subjected to interrogation tactics – including torture and threats to families – that are illegal in the United States, the sources said.  In some cases, U.S. intelligence agents remain closely involved in the interrogation, the sources said.

Rajiv Chanrasekaran & Peter Finn, *U.S. Behind Secret Transfer of Terror Suspects*, Wash. Post, Mar. 11, [2002], at A1; *see also* Dana Priest & Barton Gellman, *U.S. Decries Abuse But Defends Interrogations,* Wash. Post, Dec. 26, 2002, at A1.  The countries to which detainees may be

*CLEARED FOR PUBLIC FILING BY CSO*

brought are known to practice torture.  *See, e.g.,* Megan K. Stack & Bob Drogin, *Detainee Says U.S. Handed Him Over For Torture,* L.A. Times, Jan. 13, [2005], at A1 ("News accounts, congressional testimony and independent investigations suggests that [the CIA] has covertly delivered at least 18 terrorism suspects since 1998 to Egypt, Syria, Jordan and other Middle Eastern nations where, according to State Department reports, torture has been widely used on prisoners.").

According to news accounts, Guantánamo detainee Mamdouh Habib was rendered to Egypt by the United States *before* being moved to Cuba.  During his six months in Egyptian custody, Mr. Habib was allegedly tortured without mercy:

> He said that he was beaten frequently with blunt instruments, including an object that he likened to an electric "cattle prod."  And he was told that if he didn't confess to belonging to Al Qaeda he would be anally raped by specially trained dogs. . . .  Habib said that he was shackled and forced to stand in three torture chambers: one room was filled with water up to his chin, requiring him to stand on tiptoe for hours; another chamber, filled with water up to his knees, had a ceiling so low that he was forced into a prolonged, painful stoop; in the third, he stood in water up to his ankles, and within sight of an electric switch and a generator, which his jailers said would be used to electrocute him if he didn't confess.

Mayer, *Outsourcing Torture* at [¶ 54.]  The credibility of Mr. Habib's account is bolstered by the State Department, which has consistently identified the Egyptian government as a practitioner of torture.  In a report released on February 28, 2005, for example, the State Department found that "there were numerous, credible reports that security forces tortured and mistreated detainees" and that "torture and abuse of detainees by police, security personnel, and prison guards remained common and persistent."  Dep't of State, *Country Reports On Human Rights Practices, Egypt 2004*, at http://www.state.gov/g/drl/rls/hrrpt/2004/41720.htm, § 1(c).

Petitioners have reason to fear that they may be transferred into the custody of the governments of their home countries or a third country for continued illegal detention without

*CLEARED FOR PUBLIC FILING BY CSO*

due process of law. On information and belief, a number of detainees have been removed to countries where they have been imprisoned and denied access to the courts. Moreover, prior news reports indicate that the United States government has contemplated transferring "large numbers of Afghan, Saudi and Yemeni detainees from the military's Guantánamo Bay, Cuba, detention center into new U.S.-built prisons in their home countries." Dana Priest, *Long-Term Plan Sought For Terror Suspects*, Wash. Post, Jan. 2, 2005, at A1. As such, Petitioners are rightfully concerned about the possibility of being tortured and/or treated to cruel and inhumane conduct as a result of being transferred, removed, or rendered from Guantánamo. To oppose such a possibility, undersigned counsel move for an order requiring the Respondents to provide 30-days advance notice to this Court and undersigned counsel of any intended transfer, removal, release or rendition of Petitioners.

## ARGUMENT

Petitioners' request for advance notice meets the most fundamental purpose of preliminary injunctive relief, "to preserve the status quo between the parties pending a final determination of the merits of the action." 13 Moore's Federal Practice 3d, § 65.20 (2004).

Each of the four factors to be weighed in awarding preliminary injunctive relief favors granting the requested injunction here: (1) Petitioners will suffer irreparable harm if the injunction is denied; (2) no harm will be suffered by Respondents if the injunction is granted; (3) Petitioners are likely to succeed on the merits of their claims; and (4) there is a clear public interest in preventing the United States Government from rendering individuals to foreign countries for detention and torture. *See Al-Fayed v. CIA*, 254 F.3d 300, 303 & n.2 (D.C. Cir. 2001); *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998); *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998).

*CLEARED FOR PUBLIC FILING BY CSO*

This Court has considered the issue raised by this motion in several other detainee cases, and has granted the requested relief. *See e.g. Al-Mohammed v. Bush*, No. 05-CV-0247 slip op. (HHK) (D.D.C. Mar. 30 2005); *Al-Asadi v. Bush*, No. 05-CV-2197, slip op. (HHK) (Nov. 29, 2005); *Abdah v. Bush*, No. 04-CV-1254, 2005 WL 711814 (HHK) (D.D.C. March 29, 2005). The rationale raised by this Court in *Abdah* is applicable to this case. *Abdah*, 2005 WL 711814, at *3-*6. The Petitioners here should be entitled to the same notice and protections as other detainees whose cases are before the Court. Orders requiring Respondents to provide 30-days notice have been granted in numerous other detainee cases. *See e.g. Said v. Bush,* No. 05-CV-2384, slip op. (RWR) (D.D.C. July 25, 2006); *Zadran v. Bush*, No. 05-CV-2367, slip op. (RWR) (D.D.C. July 19, 2006); *Hamoud v. Bush*, No. 05-CV-1894, slip. op. (RWR) (D.D.C. July 6, 2006); *Mamet v. Bush*, No. 05-CV-1602, slip op. (ESH) (D.D.C. Sept. 30, 2005), *appeal docketed*, No. 05-5488 (D.C. Cir. Dec. 20, 2005); *Kiyemba v. Bush*, No.05-CV-1509, slip op. (RMU) (D.D.C. Sept. 13, 2005), *appeal docketed*, No. 05-5487 (D.C. Cir. Dec. 30, 2005); *Al-Joudi v. Bush*, No.05-CV-301, 2005 WL 774847 (GK) (D.D.C. Apr. 4, 2005), *appeal docketed*, No. 05-CV-5231 (D.C.Cir. June 16, 2005).

As noted by Judge Roberts in his order of July 25, 2006, granting Petitioners' motion for 30-days advance notice of transfer or removal in *Said v. Bush*, No. 05-CV-2384:

> Transfer or removal without notice to either counsel or petitioner could, and almost certainly would, interfere with attorney-client communication and counsel's ability to represent the clients' legitimate interests before this court. Requests for thirty days' notice have been granted in numerous other Guantanamo petitioner cases, and no showing has been made that respondents' compliance with orders for thirty days' notice has posed undue hardship or insurmountable problems, even where the transfer itself was classified information.

*Id*. at 4-5.

*CLEARED FOR PUBLIC FILING BY CSO*

Whether analyzed under the factors for granting preliminary injunctive relief, as in this Court's decision in *Abdah*, or in the context of Judge Robert's protection of the attorney-client relationship rationale in *Said*, the entry of an order requiring 30-days advance notice of transfer or removal of Petitioners is proper in this case.

Furthermore, under the All Writs Act, 28 U.S.C. § 1651(a), this Court has the inherent power "to issue injunctions to protect its jurisdiction." *SEC v. Vision Communications, Inc.*, 74 F.3d 287, 291 (D.C. Cir. 1996); *Envtl. Def. Fund v. EPA*, 485 F.2d 780, 784 n.2 (D.C. Cir. 1973).

## CONCLUSION

For the reasons discussed above, the motion should be granted.


Dated: July 28, 2006                          Respectfully submitted,

                                              REED SMITH LLP

                                              By:    /s/ Melissa J. Keppel
                                                    Douglas K. Spaulding, D.C. Bar No. 936948
                                                    Bernard J. Casey, D.C. Bar No. 112219
                                                    Melissa J. Keppel, D.C. Bar No. 477302
                                                    1301 K Street, NW
                                                    Suite 1100 – East Tower
                                                    Washington, DC 20005
                                                    Tel: (202) 414-9200

                                                        - and -

                                                    CENTER FOR CONSTITUTIONAL RIGHTS
                                                    Barbara Olshansky (NY0057)
                                                    Gitanjali S. Gutierrez (NY1234)
                                                    666 Broadway, 7th Floor
                                                    New York, New York 10012
                                                    Tel: (212) 614-6439
                                                    Fax: (212) 614-6499


                                                    *Counsel for Petitioners*

*CLEARED FOR PUBLIC FILING BY CSO*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Petitioners' Motion For An Order

Requiring Respondents To Provide Counsel For Petitioners And The Court With 30-Days

Advance Notice Of Any Intended Removal Of Petitioner From Guantanamo was served upon the

following person by electronic filing and email on the 28st day July, 2006:


**Terry M. Henry, Esq.**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC  20530



/s/ Melissa J. Keppel____
Melissa J. Keppel