CLEARED FOR PUBLIC FILING WITH CSO

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ghanim-Abdulrahman al-Harbi, et al.,** | |
| *Petitioners,* | |
| v. | Civil Action No: 05-CV-2479 (HHK) |
| **George W. Bush, et al.,** | |
| *Respondents.* | |

## MOTION FOR ORDER COMPELLING RESPONDENTS TO PERMIT COUNSEL ACCESS TO THEIR CLIENTS AND TO COMPLY WITH THE AMENDED PROTECTIVE ORDER

Petitioners, by their counsel, move the Court for entry of an order compelling respondents to comply with the Amended Protective Order in this case and to permit counsel to visit their clients at the detention facility at Guantanamo Bay. As grounds for this motion, petitioners refer to the memorandum of points and authorities attached hereto.

Dated: August 22, 2006

/s/  Melissa J. Keppel
Douglas K. Spaulding, D.C. Bar No. 936948
Bernard J. Casey, D.C. Bar No. 112219
Melissa J. Keppel, D.C. Bar No. 477302
REED SMITH LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, DC 20005
Phone: (202) 414-9220

*CLEARED FOR PUBLIC FILING WITH CSO*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Ghanim-Abdulrahman al-Harbi, et al.,**

       *Petitioners,*

   v.

**George W. Bush, et al.,**

       *Respondents.*

**Civil Action No: 05-CV-2479 (HHK)**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER COMPELLING RESPONDENTS TO PERMIT COUNSEL ACCESS TO THEIR CLIENTS AND TO COMPLY WITH THE AMENDED PROTECTIVE ORDER**

1. Counsel represent the following three petitioners in this case: Ghanim Abdulraham al-Harbi, Ravil Mingazov and Zainulabidin Merozhev.

2. Upon grant of their security clearances and entry of the Amended Protective Order, petitioners' counsel contacted respondents' counsel to give notice of their intention to visit their clients at the detention facility at Guantanamo Bay. *See* emails from Douglas Spaulding to Andrew Warden dated July 26, 2006, and July 28, 2006, attached hereto as Exhibit A.

3. Respondents' counsel advised petitioners' counsel that they would not permit counsel to visit the petitioners. Respondents' counsel purported to justify their refusal to allow counsels' visit on two grounds: (1) there were apparently duplicative petitions filed on behalf of petitioners Mingazov and Merozhev, and (2) there was no direct authority to file the petitions, and the fellow detainee, who advised counsel of the

CLEARED FOR PUBLIC FILING WITH CSO

petitioners' desire to have a lawyer and file papers seeking their release, was not an appropriate "next friend." *See* Exhibit A, July 28, 2006, email from Andrew Warden to Douglas Spaulding. Neither of these grounds provides any justification for respondents' refusal to permit counsel access.

4. Respondents contend that duplicative petitions have been filed in the case of petitioners Mingazov and Merozhev. Duplicative petitions do not constitute a basis for refusing to permit counsel to meet with their clients; and in any event, papers have now been filed to address this issue.

5. Counsel on behalf of petitioner Ravil Mingazov in both case number 05-CV-2010 and case number 05-CV-2479 have jointly filed a motion requesting transfer of case number 05-CV-2010 to this Court, and for consolidation of that action into case 05-CV-2479. Counsel seek consolidation of the earlier-filed case (05-CV-2010) into the later-filed case (05-CV-2479) pending before this Court because the later-filed case is further advanced. Counsel do not agree with respondents contention that dismissal of petitioner Mingazov from 05-CV-2479 is the appropriate course of action. *See* Exhibit A. Such a dismissal would only further delay petitioner Mingazov's access to counsel.

6. The Center for Constitutional Rights ("CCR") is counsel to petitioner Zein Al-Abedeen in *Mohammon v. Bush*, 05-CV-2386. Respondents contend that Al-Abedeen is the same petitioner as Zainulabidin Merozhev because they share the same ISN (#1095). CCR has agreed to voluntarily withdraw its petition in the *Mohammon* case, as to Zein Al-Abedeen only. Accordingly, there is no basis to refuse counsels' request to visit their clients based upon duplicative petitions.

*CLEARED FOR PUBLIC FILING WITH CSO*

7. Respondents' so-called "next friend" objection is spurious and should be rejected by this Court as it already has been multiple times. Respondents previously asserted their "next friend" objection in this very same case when they opposed petitioners' request for entry of the Amended Protective Order and when they opposed petitioners' request for 30 days' advance notice of intended removal or transfer of petitioners. The Court rejected respondents' "next friend" argument in both instances, and the ruling on that issue constitutes law of the case. Respondents may not assert a legal theory previously rejected by the Court in this same case. Moreover, other courts addressing this same "next friend" issue have repeatedly rejected it. *See Kiyemba v. Bush*, 05-CV-1509 (D.D.C. August 7, 2006) (RMU) (order denying Respondents' motion for reconsideration of Magistrate Judge Kay's order requiring Petitioners' counsel access to Petitioners); *Qasim v. Bush*, 05-CV-1779 (D.D.C. August 2, 2006) (JDB)(AK) (order granting Petitioners' motion to enforce order granting access to counsel); *Mohammon v. Bush*, 05-CV-2386 (D.D.C. July 26, 2006) (RBW) (order granting motion for access to counsel for the purpose of verifying detainee's request for counsel); *Said v. Bush*, 05-CV-2384 (D.D.C. May 23, 2006) (RWR)(AK) (order granting motion to compel counsel access); *Razakah v. Bush*, 05-CV-2370 (D.D.C. May 18, 2006) (EGS) (order granting motion for access to counsel). Respondents' continued assertion of a "next friend" argument defies these prior rulings.

8. The respondents' "next friend" objection is particularly misplaced in this case. Petitioner Ravil Mingazov's wife, Diliara Mingazova, specifically requested the filing of a petition on behalf of her husband. *See* Declaration of Gitanjali S. Gutierrez, Esq. attached here to as Exhibit B. There can be no question that the petition on his behalf is authorized.

9. Petitioner Ghanim Abdulrahman Al-Harbi wrote a letter to his counsel, Douglas K. Spaulding, on April 27, 2006 in which he stated: "I am happy that you all are interested in representing me in front of the Federal Court and that you are trying to gain permission for a visit so that you may meet me. I await you and your visit and I ask you to send a letter to let me know that you received my letter." A copy of the English translation of that letter, redacted to preserve the attorney-client privilege, is attached as Exhibit C. This letter is evidence that Al-Harbi has authorized counsel to act on his behalf.

10. Petitioner Zainulabidin Merozhev's Administrative Review Board (ARB) testimony demonstrates that he seeks assistance in proving his innocence: "I want to know what type of document [will] help my release. That is why I will try to find that type of document. The [Tajik] delegation met with your people not with me. They just met with the military." *See* Summarized Administrative Review Board Detainee Statement, ISN 1095, pg. 7, unclassified version.

11. Petitioners are entitled to be represented by counsel in connection with their petitions. *See e.g. Rasul v. Bush*, 542 U.S. 466, 484 (2004); *Al-Odah v. United States*, 346 F. Supp 2d 1 (D.D.C. 2004). No meaningful assistance of counsel can be provided if the respondents are permitted to interfere with counsels' visits to their clients without justification.

12. Respondents' have engaged in a pattern and practice of requiring petitioners to seek a court order compelling them to comply with the Amended Protective Order. Once such an order is granted, respondents have routinely permitted counsel to visit their clients. Respondents' refusal to allow counsel to visit petitioners in this case is merely a delay tactic.

*CLEARED FOR PUBLIC FILING WITH CSO*

Based upon the foregoing, the Court should grant this motion and enter an order compelling the respondents to permit petitioners' counsel to have access and to visit their clients.

          Respectfully submitted,

Dated: August 22, 2006

/s/  Melissa J. Keppel
Douglas K. Spaulding, D.C. Bar No. 936948
Bernard J. Casey, D.C. Bar No. 112219
Melissa J. Keppel, D.C. Bar No. 477302
REED SMITH LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, DC 20005
Phone: (202) 414-9220