**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Ravil Mingaza Gamil, et al.,** | |
| *Petitioners,* | |
| v. | **Civil Action No.: 05- CV-2010 (JR)** |
| **George W. Bush, et al.,** | |
| *Respondents.* | |
| | |
| **Ghanim-Abdulrahman al-Harbi, et al.,** | |
| *Petitioners,* | |
| v. | **Civil Action No.: 05-CV-2479 (HHK)** |
| **George W. Bush, et al.,** | |
| *Respondents.* | |

## REPLY TO OPPOSITION TO MOTION TO TRANSFER AND CONSOLIDATE

Respondents no longer oppose providing counsel access to Petitioner Ghanim Abdulraham Al-Harbi but they persist in opposing counsel's access to Petitioners Ravil Mingazov and Zainulabidin Merozhev because they are named as Petitioners in duplicate filings. In a revealing Catch-22, Respondents also oppose the measures being taken by Petitioners' counsel to eliminate the duplicate filings. Respondents also raise the familiar, worn-out "next friend" objection in opposing access to Mingazov and Merozhev. Both arguments – "duplicate filings" and "next friend" -- have consistently been found by this Court to be without merit.

In addition to its legal deficiencies, Respondents' position in this case creates acute, needless practical problems and expenses. After months of effort trying to meet the access criteria and overcoming many other legal obstacles, undersigned counsel have managed to

set in motion a possible first visit to Guantanamo in mid-October. Because of the foregoing arguments raised by Respondents, the Government intends to restrict counsel's visit to just one of their three clients, thus multiplying the tremendous legal, logistical and economic burdens that must be shouldered by counsel to have the most basic contact with their clients. In addition, Respondents' position greatly exacerbates the emotional toll on the two clients who – having already been detained for four years without counsel -- will then have to wait for who knows how much longer for clearing the way for yet another trip.

### Ghanim Abdulraham Al-Harbi

Respondents state that they "do not oppose providing counsel access to Petitioner Ghanim Abdulraham Al-Harbi consistent with the applicable Protective Order provisions" because counsel has submitted "for the first time" direct authorization from Petitioner Al-Harbi for the *habeas* action brought on his behalf, "such that the deficient standing of the putative next friend in the case is no longer in issue." Respondents argue that the motion as to Al-Harbi now be denied as moot and that Petitioner be required to amend the petition to reflect that the petition has been directly authorized by Petitioner Al-Harbi.

The petition herein need not be amended. Mr. Al-Harbi's petition was "authorized" prior to counsel's receipt of his letter. The fact that Respondent continue to assert a "next friend" objection to the petition, long after that argument was rejected by the Court in this case, does not now make that argument any more valid that it was to begin with. Moreover, Respondents statement that counsel is just now "for the first time" submitting authorization for Petitioner Al-Harbi clearly implies that counsel for Petitioner have been less than diligent in coming forward with the written authorization. Nothing could be further from the truth. Counsel for Petitioner have done everything in their power to facilitate the process of getting mail from their client. The current process whereby mail is received at the Secure Facility and reviewed for classified information and then ultimately translated into English, is a tedious process and one that the government has done nothing to expedite.

In light of Respondents lack of opposition with regard to Petitioner Al-Harbi, counsel for Petitioners have requested a *habeas* visit for the week of October 16, 2006 and are working with Andrew Warden to coordinate a meeting. Given the time and expense involved in traveling to Guantanamo Bay, counsel for Petitioners requested that they be permitted to meet with their other two clients at the same time. However, Respondents persist in their opposition in violation of the Amended Protective Order entered in this case, to granting counsel access with respect to Petitioners Zainulabidin Merozhev and Ravil Mingazov during this visit. See e-mail from Douglas Spaulding to Andrew Warden hereto attached as Exhibit A. Both of Respondents' purported grounds for their opposition to the motion for access, "duplicative petitions" and "next friend," are without merit and have been previously dismissed by this Court.[1]

### Zainulabidin Merozhev

Petitioner Merozhev is named as a party in the instant case as well as in a previous case, *Mohammon v. Bush*, No. 05-CV-2386 (RBW), filed on behalf of multiple detainees by other counsel. Respondents now contend that Petitioners seek to "manipulate multiple case filings on behalf of a single Petitioner in order to obtain a regime they find most desirable or convenient." This is a patent distortion. The fact that duplicate filings have occurred in the first place is the direct result of the Respondents' failure to put a system in place to clearly identify the detainees who had filed *habeas* petitions. Such a system would have minimized the occurrence of duplicative petitions and the resulting confusion. Unfortunately, Respondents have chosen to exploit this confusion to create yet another road block to deny

---

[1] Respondents also assert as further grounds for their opposition to the motion for access that the instant case falls within an exception to the Court's preservation of *habeas* jurisdiction. Respondents have repeatedly made this argument and Petitioners have addressed it in great detail in their <u>Reply to Respondents Opposition to Petitioners' Motion for 30-Days Advance Notice of Any Intended Removal of Petitioners from Guantanamo</u> filed in this case (dkt. No. 35). Accordingly, Petitioners will refrain from rehashing those arguments here and respectfully refer the Court to that motion for Petitioners' arguments on the jurisdictional issue.

Petitioners access to counsel. Further, counsel for Petitioners have addressed the duplicative filings issue.

As stated in the motion, duplicative petitions do not constitute a basis for refusing to permit counsel access to their clients; and in any event, papers have now been filed to address this issue. With respect to Mr. Merozhev, CCR filed the motion to withdraw its petition in the *Mohammon* case on September 8, 2006. The motion is hereto attached as Exhibit B. Respondents argue that they "will be subjected to multiple inconsistent orders with respect to a single detainee as a result of multiple *habeas* petitions on behalf of [Mr. Merozhev] being pursued simultaneously." Respondents hyperbolic concerns are misplaced. When Mr. Merozhev is dismissed from *Mohammon*, there is absolutely no risk that Respondents would be subjected to inconsistent orders. Respondents also argue that Petitioner should be required to proceed in the first filed case in order to "avoid an unnecessary resolution by this Court in *Al-Harbi* of Respondents' challenge to the standing of the putative next friend, or at least the effect of the Protective Order in such situations." Respondents repeatedly fail to acknowledge the fact that the "next friend" objection has already been asserted and rejected by this Court in this case twice before.[2] Moreover, other courts addressing this same argument have repeatedly rejected it.[3] Respondents also argue that counsel "should be required to enter an appearance in and otherwise proceed in [the]

---

[2]   Respondents previously asserted their "next friend" objection when they opposed Petitioners' request for entry of the Amended Protective Order and when they opposed Petitioners' request for 30 days' advance notice of intended removal or transfer of Petitioners. The Court rejected Respondents' "next friend" argument in both instances, and the ruling on that issue constitutes law of the case.

[3]   *See Kiyemba v. Bush*, 05-CV-1509 (D.D.C. August 7, 2006) (RMU) (order denying Respondents' motion for reconsideration of Magistrate Judge Kay's order requiring Petitioners' counsel access to Petitioners); *Qasim v. Bush*, 05-CV-1779 (D.D.C. August 2, 2006) (JDB)(AK) (order granting Petitioners' motion to enforce order granting access to counsel); *Mohammon v. Bush*, 05-CV-2386 (D.D.C. July 26, 2006) (RBW) (order granting motion for access to counsel for the purpose of verifying detainee's request for counsel); *Said v. Bush*, 05-CV-2384 (D.D.C. May 23, 2006) (RWR)(AK) (order granting motion to compel counsel access); *Razakah v. Bush*, 05-CV-2370 (D.D.C. May 18, 2006) (EGS) (order granting motion for access to counsel).

previously filed case, *Mohammon*, while this case, *Al-Harbi*, should be dismissed with respect to Petitioner Merozhev" because Judge Walton has already established "a regime of counsel access." However, if the instant motion for access is granted, the status of Petitioner's habeas claim will be the same in both cases.

Significantly, Mr. Merozhev has corresponded with counsel in *Al-Harbi* and most likely directly authorized counsel to represent him.4 With a motion to dismiss Petitioner Merozhev pending in *Mohammon*, counsel for the Petitioner in *Al-Harbi* should be permitted to proceed with this case and the Court should grant the motion for access with respect to Mr. Merozhev.

### Ravil Mingazov

Petitioner Mingazov is also named as a party in a previously filed case by other counsel, *Gamil v. Bush*, No. 05-CV-2010 (JR). That matter is the subject of a joint motion, filed by both counsel, requesting transfer of the *Gamil* case to this Court, and consolidation of that action into the instant case. An order to that effect will wholly resolve Respondents purported "duplicative petitions" objection to the motion for access.5

With regard to the "next friend" argument, Respondents state that "a suit on behalf of Petitioner Mingazov has not been directly authorized by Mingazov." While Petitioners do not concede that they need this direct authorization, counsel has been in telephone contact

---

4   On September 7, 2006, counsel was notified by the privilege review team that they had received a letter from Mr. Merozhev. The letter is currently being reviewed by the privilege review team at the Secure Facility to determine whether it contains classified information, and it will subsequently need to be translated into English. The government has advised counsel that this process could be delayed due to an alleged shortage of Farsi translators.

5   Respondents' position on this matter respecting Mingazov actually undermines its position respecting Merozhev. Respondents argue that Merozhev should not be dismissed from the earlier *Mohammon* case because that case was more advanced in terms of processing. That same argument can be used to support Mingazov's motion to consolidate his earlier action with the instant *Al-Harbi* case. The *Al-Harbi* case is the more advanced case because, unlike the *Gamil* case, the Protective Order has already been entered in this case. Clearly, Respondents will argue *anything*, even inconsistencies, to stall and delay counsel's efforts to represent their detainee clients.

with both Mr. Mingazov's wife and mother in Russia. Moreover, Mr. Mingazov's wife, Diliara Mingazova, specifically requested in writing that the law firm of Reed Smith represent her husband in his *habeas* petition. She states, "I, Diliara Mingazova, authorise [sic] the law firm of ReedSmith, and its lawyers, to represent me and my husband, Ravil Mingazov in the court cases filed in Washington, DC, seeking his release from detention at Guantanamo Bay (Case Number 05-CV-2479 and 05-CV-2010)." The email from Mr. Mingazov's wife is hereto attached as Exhibit C. There can be no question that the petition on his behalf is authorized. Accordingly, Respondents' "next friend" argument in this case should be rejected for a third and final time.

## Conclusion

For the reasons herein stated, Petitioners respectfully request that the court grant the motion and enter and order compelling Respondents to permit Petitioners' counsel to have access and to visit with their three clients.

Dated: September 13, 2006

/s/ Allison M. Lefrak
Douglas K. Spaulding
Bernard J. Casey
Melissa J. Keppel
Allison M. Lefrak
REED SMITH LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, DC 20005
Phone: (202) 414-9220

Case 1:05-cv-02479-UNA   Document 38   Filed 09/13/2006   Page 7 of 8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Petitioners' Reply to Opposition to Motion to Transfer and Consolidate was served upon the following person by electronic filing and email on the 13th day September, 2006:

**Terry M. Henry, Esq.**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC  20530


/s/ Allison M. Lefrak
Allison M. Lefrak