UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ghanim-Abdulrahman Al-Harbi, et al.,**<br><br>*Petitioners,*<br><br>v.<br><br>**George W. Bush, et al.,**<br><br>*Respondents.* | Civil Action No.: 05-CV-2479 (HHK) |

## MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONERS WITH FACTUAL RETURNS

Petitioners Ghanim Abdulraham Al-Harbi Ravil Mingazov, and Zainulabidin Merozhev ("Petitioners") move this Court for an order requiring Respondents to provide counsel for Petitioners with factual returns including the classified and unclassified summaries, tapes, transcripts, and other records relating to any Combatant Status Review Tribunals ("CSRT") and Administrative Review Boards ("ARB").

### ARGUMENT

Petitioners are presently imprisoned in Guantanamo Bay military prison. No charges have ever been brought against any of them. In their Petition filed nearly a year ago, on December 28, 2005, Petitioners requested this Court to issue a Writ of *Habeas Corpus* or an Order to Show Cause Under 28 U.S.C. §2243. Subsequently, the Court lifted its stay of proceedings in this matter. The Court lifted its stay and upon Petitioners' motion entered the Amended Protective Order and Procedures for Counsel Access to Detainees, allowing for counsel access to Petitioners. To date, Respondents have not provided Petitioners' counsel with

factual returns or any other information related to Petitioners' cases.[1]  Nevertheless, in March and April of 2006, Respondents released unclassified summaries of Mr. Merozhev and Mr. Al-Harbi's CSRT and ARB proceedings to the public as the result of a Freedom of Information Act suit instituted by the Associated Press.  *See* http://www.dod.mil/puns/foi/detainees.  No summaries were released for any CSRT or ARB proceedings for Mr. Mingazov.  These summaries make clear that certain information, apparently designated by Respondents as classified, was withheld both from Petitioners and the Associated Press.  Counsel for Petitioners require full access to the complete records for these proceedings to effectively represent their clients.  For example, Mr. Merozhev is being imprisoned based on a case of mistaken identity.  Obviously, challenging Mr. Merozhev's detention based on a case of mistaken identity is impossible without full and complete factual returns and access to the records upon which his detention is based.[2]

Judges have continued to order factual returns, even after the passage of the Detainee Treatment Act, and the Respondents have continued their production after the passage of the Military Commissions Act.  See Orders entered in *Al-Asadi v. Bush*, No. 05-2197 (HHK), Order dated October 10, 2006; *Al-Ghizzawi v. Bush*, No. 05-2378 (JDB), Order dated August 9, 2006; *Zadran v. Bush,* No. 05-2367 (RWR), Order dated July 19, 2006; *Said v. Bush,* 05-2384 (RWR), Order dated May 23, 2006; *Almerfedi v. Bush,* No. 05-1645 (PLF), Order dated March 3, 2006; *Rabbani v. Bush,* 05-1607 (RMU), Order dated June 16, 2006; *Kahn v. Bush,* 05-1001 (KSH), Order dated August 10, 2006; *Alsaaei v. Bus*h, 05-2369 (RWR), Order dated August 14, 2006; *Amin v. Bush*, 05-2336 (PLF), Order dated September 18, 2006; *Thabid v. Bush*, 05-2398 (ESH),

---

[1]  Respondents' counsel declined to consent to the relief sought here.

[2]  The Government has misidentified Mr. Merozhev is a Taliban official by the name of Jumma Jan.  Mr. Merozhev flatly denies that contention.  To date, not a single piece of evidence has been presented that would, in any way, substantiate the Government's allegation.

Order dated August 18, 2006; *Ameziane v. Bush,* No. 05-0392 (ESH), Order dated April 12, 2005; *M.C. v. Bush,* No.,05-0430 (ESH), Order dated April 13, 2005.[3]

In *Ameziane* and *M.C.*, Judge Huvelle granted Respondents a stay but held, "to ensure that the proceedings can continue in an orderly fashion in the event the detainees prevail on appeal, respondents are ordered to provide factual returns." Similarly, on August 22, 2005, Judge Urbina granted Respondents' motion for a stay, yet ordered Respondents to show cause why the writ of *habeas corpus* should not be granted. *Hatim v. Bush,* No. 05-1429, Order dated August 22, 2005. In so doing, Judge Urbina explicitly rejected Respondents' arguments that a factual return was not necessary because of the pending appeals, and that requiring Respondents to provide factual returns was burdensome:

> The fact that the D.C. Circuit has not yet issued its decision in related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now that they can develop their case and prepare for any consultation with their clients . . . .Finally, the government's generic references to the expenditure of its resources and "logistical burden" does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

*Id*. at 3 (internal citations omitted).

Respondents have consistently opposed motions for production of factual returns pointing to the stay of proceedings, "the burdens" associated with the production, and the classified nature of some of the information likely to be contained in the factual returns. Respondents' arguments are baseless.

First, Respondents have conceded that even if the Court has entered a stay in the proceedings, Petitioners' counsel is permitted to travel to Guantanamo and meet with their

---

[3] Of course, this is not surprising given that the Detainee Treatment Act specifically provided for judicial determinations that a prisoner is correctly deemed an "enemy combatant" and the Military Commissions Act recognizes that provision. Absent access to evidence considered by the CSRT and ARB, it is impossible for counsel to the prisoner to adequately evaluate that determination.

clients. In October 2006, counsel for Petitioners in the instant case conducted initial meetings with each Petitioner in the absence of factual returns. Counsel is currently planning to meet with each Petitioner again the week of January 15, 2007. If those meetings are to be productive, counsel must have an opportunity to review and consider the factual returns relating to Petitioners.

Second, the burden of producing factual returns must be weighed against the burden imposed on Petitioners and their counsel by the absence of returns. Any purported burden relating to the preparation of factual returns would be insignificant relative to that imposed on counsel's ability to represent Petitioners in this *habeas corpus* proceeding. The present state of the disclosed record simply does not support the Government's "enemy combatant" findings with respect to these three Petitioners. If there is any basis for those findings, it should be disclosed so that Petitioners and their counsel can respond. If there is not, then Petitioners are being unlawfully held. In either case, the relevant information should be disclosed. It is self-evidence that counsel cannot meaningfully prepare its challenge to the lawfulness of these detentions without knowing the full factual basis upon which the detentions rest.

Finally, Respondents have previously argued that because counsel cannot share classified information with Petitioners, there is no reason why counsel need access to a factual return. This is incorrect. There are several important reasons why counsel need a factual return in order to effectively represent Petitioners. Indeed, several judges in the district have recognized these reasons in the previously cited orders. For instance, counsel may still, consistent with any protective order, employ that information in the legal and factual analysis of Petitioners' cases. Certainly, Petitioners' counsel would be in a far better position to assert Petitioners' interests and to ensure expeditious resolution of Petitioners' claims, once the jurisdictional issues are resolved, if Petitioners' counsel were aware of the facts of Petitioners' cases. Counsel access to factual returns, describing the bases on which Respondents are continuing to detain the Petitioners, is essential to the Petitioners' effective representation. Accordingly, this Court should immediately order that Respondents file a factual return for each of the three Petitioners within twenty days.

## CONCLUSION

For the forgoing reasons, Petitioners respectfully urge the Court to grant Petitioners' Motion for Order Requiring Respondents to Provide Counsel for Petitioners with Factual Returns.

Dated: December 15, 2006                          ___/s/___ Allison M. Lefrak___
                                                               Douglas K. Spaulding
                                                                Bernard J. Casey
                                                                Allison M. Lefrak
                                                                REED SMITH LLP
                                                                1301 K Street, NW
                                                                Suite 1100 – East Tower
                                                                Washington, DC 20005
                                                                Phone: (202) 414-9220

and

                                                CENTER FOR CONSTITUTIONAL RIGHTS
                                                      Barbara J. Olshansky (NY-0057)
                                                      Tina Monshipour Foster
                                                      (Pursuant to LCvR 83.2(g))
                                                      Gitanjali S. Gutierrez
                                                      Pursuant to LCvR 83.2(g))

                                               CENTER FOR CONSTITUTIONAL RIGHTS
                                                     666 Broadway, 7th Floor
                                                     New York, NY 10012
                                                     Tel: (212) 614-6485
                                                     Fax: (212) 614-6499

                                               *Counsel for Petitioners*