IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHANIM-ABDULRAHMAN AL-HARBI, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | Civil Action No. 05-CV-2479 (HHK) |

**RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONERS WITH FACTUAL RETURNS**

Respondents hereby oppose the Motion for Order Requiring Respondents to Provide Counsel for Petitioners with Factual Returns filed by petitioners Ghanim-Abdulrahman Al-Harbi, Ravil Mingazov, and Zainulabidin Merozhev (dkt. no. 47). As explained below, petitioners' motion disregards the fact that this Court lacks jurisdiction. Furthermore, this case is stayed with respect to all merits-related matters, see Order, No. 05-CV-2479 (HHK) (Mar. 16, 2006) (dkt. no. 7), and there are no circumstances that justify lifting the stay. Petitioners' motion, therefore, is inappropriate and should be denied.

## ARGUMENT

A.  **The Court Should Deny Petitioners' Motion Because the Military Commissions Act of 2006 and the Detainee Treatment Act of 2005 Withdrew this Court's Jurisdiction in Favor of Exclusive Jurisdiction in the Court of Appeals.**

Petitioners' motion should be denied because the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), which became law on October 17, 2006, see Notice of Military Commissions Act of 2006, No. 05-CV-2479 (HHK) (dkt. no. 44), and the

Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), vest exclusive jurisdiction over this action in the D.C. Circuit. The MCA amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States as enemy combatants, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit created under the DTA for addressing the validity of the detention of such aliens. See MCA § 7(a). Further, the new amendment to § 2241 takes effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001."[1] Id. § 7(b).

The review mechanism created by the DTA, in turn, invests the D.C. Circuit with exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by the United States, including at Guantanamo Bay, and of final decisions of any military commissions.[2] See DTA § 1005(e)(2)–(3), as amended by MCA. Section 1005(e)(2) of the DTA

---

[1] Petitioners Al-Harbi, Mingazov, and Merozhev (ISNs 516, 702, and 1095) have been determined to be enemy combatants. See Decl. of Karen L. Hecker ¶¶ 2–3 (attached as Exhibit A). (The November 3, 2006, declaration of Ms. Hecker states that three detainees "determined to no longer meet the definition of enemy combatant" remain detained at Guantanamo. However, since the date of the declaration, those three have been released from United States custody.) Petitioner Mingazov has a second habeas petition pending in Gamil v. Bush, No. 05-CV-2010 (JR). Petitioner Mingazov has moved to transfer and consolidate the Gamil case into this case, but that motion remains pending. See Motion to Transfer and Consolidate, 05-CV-2479 (HHK) (dkt. no. 13).

[2] The Supreme Court in Hamdan held that the provision of the DTA withdrawing district court jurisdiction to consider habeas petitions and other claims by aliens held as enemy

(continued...)

states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.

Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," see DTA § 1005(e)(2)–(3), which, standing alone, deprived the District Court of jurisdiction in cases like this, challenging petitioners' detention as enemy combatants. See, e.g., Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Telecomms. Research & Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."). In any event, with the enactment of the MCA, District Court jurisdiction has been unambiguously withdrawn.

---

²(...continued)
combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending prior to the enactment of the DTA. See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006). Congress, however, has now addressed the matter through passage of the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as this, in favor of the exclusive review mechanism available in the Court of Appeals. See MCA § 7.

Granting the relief petitioners request would be an assertion of jurisdiction and authority in this case inconsistent with the DTA's investment of exclusive jurisdiction in the Court of Appeals and the MCA's withdrawal of other forms of jurisdiction, and respondents' jurisdictional argument is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Accordingly, petitioners' motion for factual returns should be denied.[3]

**B.     The Court Should Deny Petitioners' Motion Because There Has Been No Change in Circumstances That Warrants Lifting the Stay for Such Purposes.**

Petitioners' motion also should be denied because petitioners have failed to provide a sufficient factual or legal basis to justify departure from the stay in this case for purposes of the requested relief. See Order, No. 05-CV-2479 (HHK) (Mar. 16, 2006) (dkt. no. 7). The Court stayed this case "pending the jurisdictional ruling of either the Supreme Court or the D.C. Circuit" on questions regarding this Court's jurisdiction in Boumediene v. Bush, No. 05-5062 (D.C. Cir.), Khalid v. Bush, No. 05-5063 (D.C. Cir.), and Hamdan v. Rumsfeld, 126 S. Ct. 2749

---

[3]The issue of the effect of the MCA, which eliminates district court jurisdiction "without exception," see MCA § 7(b), and the DTA, which vests exclusive review in the Court of Appeals, on this Court's jurisdiction over Guantanamo detainee habeas cases, including the instant case, remains pending before the Court of Appeals. Indeed, the MCA was the subject of supplemental briefing in the Court of Appeals that was completed on November 20, 2006. It would not be appropriate for the Court to order petitioners' requested relief during the pendency of the jurisdictional issue, if ever.

(2006).[4] Id. at 3 & n.1.  Since the Boumediene and Khalid appeals have not been resolved, the stay is still in effect, especially with respect to all merits-related matters.  Further, petitioners' counsel make no showing of any circumstances that would in any way warrant lifting the stay in order to require the production of factual returns.

In any event, in the pending appeals, the D.C. Circuit will address significant issues regarding how Guantanamo detainees' challenges to their detention should proceed in this Court, if at all.  As mentioned supra note 3, the D.C. Circuit will consider the significance of the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006.  Further, the Court of Appeals will determine the rights available, if any, to detainees at Guantanamo under the Fifth Amendment and various statutes and treaties.  In light of the potential for the D.C. Circuit's ruling to moot or at least significantly impact the legal bases for and future proceedings on petitioners' habeas petition and the likelihood that any decision by this Court regarding petitioners' motion would have to be relitigated or revisited once the Court of Appeals provides its guidance, this Court should deny petitioners' motion pending resolution of these appeals.

**C.    The Court Should Not Order the Production of Factual Returns in Any Event.**

Aside from the lack of jurisdiction and the stay currently in effect with respect to petitioners' requested relief, the Court also should not require the production and submission of factual returns in this case because such action involves the disclosure to counsel of classified information, and the preparation of the returns is not an inconsequential task.  As an initial matter, requiring respondents to provide to counsel factual returns containing classified

---

[4] Before the district court, Boumediene v. Bush and Khalid v. Bush were decided as Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005).

information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents where the issue of whether the Court has any authority to require such disclosure is in question. Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations, and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking. For these reasons, as well as the outstanding jurisdictional issues and the stay currently in effect, petitioners' motion for an order requiring production of factual returns should be denied.[5]

Counsel argue that factual returns are necessary because they have scheduled visits with the petitioners at Guantanamo Bay in January 2007. The scheduling of visits with the petitioners does not by itself present circumstances warranting an order to produce factual returns. Given that the Court lacks jurisdiction over the case, counsel would not be able to use a factual return to advance the litigation in this Court. Further, even if one or more returns were to be ordered, it

---

[5] Although respondents maintain that factual returns should not be required at all, if the Court decides to assert jurisdiction notwithstanding the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006 and order the production of one or more factual returns in this case, respondents request that in light of the logistical burdens involved, they be given at least 90 days to submit the factual return. The review of information in the return described above, that is, to ensure that any information disclosed to counsel is in accordance with all applicable statutes, regulations, and Executive Orders, must be conducted. In light of such factors, if the Court determines that the submission of a factual return is appropriate, the Court should grant respondents at least 90 days to produce the factual return in this case.

would be unduly burdensome to key any requirement to produce factual returns to a scheduled or desired visit to Guantanamo Bay by counsel. There are a number of cases, involving multiple detainees, in which counsel have requested or are requesting factual returns and in which counsel visits are being or likely will be requested. The logistics of making a factual return and the logistics of arranging counsel visits, where required, involve two separate and unrelated undertakings, and the ability to arrange for a visit does not mean that factual returns pertaining to detainees involved in any particular visit can or should necessarily be completed prior to the visit.

Furthermore, to the extent petitioners' motion asks the Court to require production of information related to petitioners' Administrative Review Board ("ARB") proceedings, the motion should also be denied because such proceedings are not properly before this Court, nor are they a proper subject for this litigation. ARB proceedings are separate and distinct from proceedings before the Combatant Status Review Tribunals ("CSRTs") that determine whether detainees are properly classified as enemy combatants. ARB proceedings serve purposes unrelated to the issues raised by the habeas petition before the Court. The habeas petition, and thus any factual return that would be filed in connection with the petition, concerns whether a petitioner is properly subject to detention by the United States, that is, whether a detainee has been legitimately determined to be an enemy combatant and may therefore be detained for the duration of hostilities, if necessary. By contrast, ARB proceedings are designed to provide annual assessments not of whether a detainee is properly detained as an enemy combatant, but of whether it is in the interests of the United States to transfer or continue to detain an individual who has already been determined to be an enemy combatant in CSRT proceedings. A decision in an ARB proceeding is based on a weighing and balancing of factors such as the threat a detainee

is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters and the detainee's continuing intelligence value. <u>See</u> Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba (July 14, 2006) (<u>available at</u> <<http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf>>). As a result, the ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the Military that is not justiciable.[6] <u>See, e.g.</u>, <u>Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Mar. Admin.</u>, 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that the Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement").

For all of these reasons, petitioners have not established a sufficient factual or legal basis to justify departure from the stay in order to obtain the production of factual returns.

## CONCLUSION

For the foregoing reasons, the Motion for Order Requiring Respondents to Provide Counsel for Petitioners with Factual Returns filed by petitioners Al-Harbi, Mingazov, and Merozhev should be denied.

---

[6] Accordingly, petitioners' requests for information related to ARB proceedings are, in essence, improper requests for discovery. "A habeas petitioner, [however,] unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997); <u>see also</u> <u>Harris v. Nelson</u>, 394 U.S. 286, 297 (1969) (discovery in habeas proceedings is not automatic and cannot be "activated on [the petitioner's] own initiative."); <u>cf.</u> Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (codifying <u>Harris v. Nelson</u> by allowing discovery only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise" and requiring submission of the proposed discovery to the court for approval); <u>id.</u> Rule 1(b) (application of § 2254 Rules in non-§ 2254 cases is within court's discretion). In any event, for the reasons discussed in the text, any such discovery would be inappropriate.

Dated: December 20, 2006                    Respectfully submitted,

                                                  PETER D. KEISLER
                                                  Assistant Attorney General

                                                  DOUGLAS N. LETTER
                                                  Terrorism Litigation Counsel


                                                  ___/s/_ JAMES C. LUH_____
                                                  JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                  VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                  TERRY M. HENRY
                                                  EDWARD H. WHITE
                                                  JAMES J. SCHWARTZ
                                                  ROBERT J. KATERBERG
                                                  ANDREW I. WARDEN
                                                  NICHOLAS J. PATTERSON
                                                  JAMES C. LUH
                                                  Attorneys
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  20 Massachusetts Ave., N.W.
                                                  Washington, DC  20530
                                                  Tel: (202) 514-4938
                                                  Fax: (202) 616-8460
                                                  E-mail: James.Luh@usdoj.gov

                                                  Attorneys for Respondents