UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ghanim-Abdulrahman Al-Harbi, et al.,** *Petitioners,* v. **George W. Bush, et al.,** *Respondents.* | Civil Action No.: 05-CV-2479 (HHK) |

### PETITIONERS' REPLY TO OPPOSITION TO MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONERS WITH FACTUAL RETURNS

Respondents oppose the Motion for Order Requiring Respondents to Provide Counsel for Petitioners with Factual Returns filed by petitioners Ghanim Abdulraham Al-Harbi, Ravil Mingazov, and Zainulabidin Merozhev on jurisdictional grounds and in light of the stay entered in this case. These arguments have previously been rejected by this Court. Accordingly, Petitioners' motion should be granted.

### ARGUMENT

Respondents have consistently opposed motions for production of factual returns pointing to jurisdictional issues and to the stay of proceedings. Both of respondents arguments have been rejected by this Court. First, Respondents argue that the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA") and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Tit. X Stat. 2680 ("DTA"), vest exclusive jurisdiction over this action in the D.C. Circuit. This argument was rejected by this Court in Feghoul v. Bush, No. 06-681 (RWR), Order dated October 31, 2006, which articulates the compelling view that, pending resolution of the

jurisdictional issue by the Court of Appeals, the basic right of an attorney to communicate with his or her client for the purpose of full representation (either in a habeas proceeding or an administrative review proceeding) should remain unimpaired. In Feghoul, Judge Roberts ruled – post-MCA – that the petitioner was entitled to factual returns, and he rejected the very jurisdictional arguments that Respondents have asserted in this case. In Feghoul, Judge Roberts wrote:

> Whether this Court or another has jurisdiction to determine the legality of petitioner's detention, and what the exact nature and scope of the proceedings before the court with jurisdiction should be, are legal questions that have not yet been resolved by the D.C. Circuit and will not be resolved here. Despite the lack of finality regarding the issues on appeal, however, it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention.

Id. at 3. The DTA specifically provided for judicial determinations that a prisoner is correctly deemed an "enemy combatant" and the MCA recognizes that provision. Assuming *arguendo* that Respondents' interpretation of the DTA and MCA's exclusive jurisdiction provisions is correct, Petitioners would still be entitled to a review by the D.C. Circuit of the status determination of the CSRT and completion of any such judicial review would necessitate that Petitioners' counsel have access to the factual returns, including the CSRT records.

Respondents' second argument is that the stay in this case precludes the motion for factual returns. This argument should also be dismissed because this Court has recognized the propriety of lifting the stay in order to facilitate communications between Petitioners and their counsel. This Court has previously lifted the stay in the face of Respondents' similar jurisdictional arguments raised in opposition to Petitioners' Motion for Entry of the Protective Order (Dkt. No. 13); (see also Feghoul supra at 3, "Allowing petitioners to meet with their lawyers . . . is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible jurisdiction." Citing Said v. Bush, No. 05-2384 (RWR) (AK), slip. op. at 10 (D.D.C. May 23, 2006) (Kay, M.J.)).

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. See Saleh v. Bush, No. 05-1429 (RMU), Order dated August 22, 2005. "On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients." Id. at 3.  For these reasons, Petitioners' motion for an order requiring respondents to provide counsel with factual returns should be granted.

## CONCLUSION

For the forgoing reasons, Petitioners respectfully urge the Court to grant Petitioners' Motion for Order Requiring Respondents to Provide Counsel for Petitioners with Factual Returns.


Dated: December 28, 2006

       ___/s/__Allison M. Lefrak__
       Douglas K. Spaulding
       Bernard J. Casey
       Allison M. Lefrak
       REED SMITH LLP
       1301 K Street, NW
       Suite 1100 – East Tower
       Washington, DC 20005
       Phone: (202) 414-9220

and

       CENTER FOR CONSTITUTIONAL RIGHTS
       Barbara J. Olshansky (NY-0057)
       Tina Monshipour Foster
       (Pursuant to LCvR 83.2(g))
       Gitanjali S. Gutierrez
       Pursuant to LCvR 83.2(g))

       CENTER FOR CONSTITUTIONAL RIGHTS
       666 Broadway, 7th Floor
       New York, NY 10012
       Tel: (212) 614-6485

Fax: (212) 614-6499

*Counsel for Petitioners*

Case 1:05-cv-02479-UNA    Document 51    Filed 01/03/2007    Page 4 of 4