DOJ cleared for public filing 5/___/07

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GHANIM-ABDULRAHMAN AL-HARBI**, *et al.*, | ) ) ) ) | |
| *Petitioners*, | ) ) | |
| *v.* | ) ) | Civ. No. 05-CV-02479 (HHK) |
| **GEORGE W. BUSH**, *et al.*, | ) ) ) | |
| *Respondents.* | ) ) | |

**PETITIONERS' MOTION FOR STAY-AND-ABEY ORDER**

For the reasons set forth more fully in Petitioners' contemporaneously-filed Opposition To Respondents' Motion To Dismiss, Petitioners respectfully request that this Court, in the interest of justice, stay the dismissal of this habeas action for want of jurisdiction pending Petitioners' exhaustion of their remedies in the United States Court of Appeals for the D.C. Circuit under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA").[1]  Petitioners also respectfully request that this Court hold this action in abeyance pending Petitioners' exhaustion of their DTA remedies and either (a) the Supreme Court's grant of a renewed petition for certiorari to review the D.C. Circuit's jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), and disposition of that case on the merits or (b) the Supreme Court's resolution of the same jurisdictional issue as presented in an original habeas petition in *In re Ali*, No. 06-1194, currently pending before the Court.

---

[1]  Petitioners filed a petition for immediate release and other relief under the DTA in the D.C. Circuit on April 17, 2007.  *See* D.C. Circuit, No. 07-1095.  That action remains pending.

This course of action will work no prejudice on Respondents. It will, however, save Petitioners the uncertainty accompanying attempts to "resurrect" their habeas action—if this Court dismisses that action—following exhaustion of their DTA remedies. Petitioners are concerned, for example, that if their habeas petition is dismissed, Respondents will argue in later court hearings that Petitioners may seek review only of the D.C. Circuit's DTA determinations.

The DTA allows challenges only to specified aspects of final decisions of the Combatant Status Review Tribunals ("CSRTs"). Under these circumstances, the most efficient way to proceed is for this Court to stay rather than dismiss this action. The Court should do so purely as a precaution. *See Boumediene v. Bush*, 127 S.Ct. at 1748 (statement of Stevens, J., joined by Kennedy, J., respecting denial of certiorari) ("Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'") (citation omitted).

It is immaterial that the D.C. Circuit majority held in *Boumediene* that the federal courts no longer retain jurisdiction over habeas actions such as this. The correctness of that jurisdictional holding is still in dispute and jurisdiction remains a live issue that will be resolved with finality only if the Supreme Court decides the issue in *Boumediene*, *Ali*, or some other case. It is fundamental, of course, that the courts have jurisdiction to determine their own jurisdiction. *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006) (a court's "adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case"); *Ex parte Milligan*, 71 U.S. 118, 131 (1866) ("The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it.").

The requested relief will aid Petitioners in receiving a speedy review of the constitutional issues presented in their habeas petition once their DTA claims are exhausted. Because there is a reasonable possibility that the Supreme Court will, in the not-distant future, find the D.C. Circuit majority's jurisdictional holding in *Boumediene* to be in error, ordering dismissal of these cases now might cause unnecessary additional delay that is contrary to the nature of habeas relief. *See Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (habeas writ, "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person").

For these reasons, this Court should stay this action pending Petitioners' exhaustion of their DTA remedies in the D.C. Circuit and any resolution by the Supreme Court of the MCA jurisdictional issue via a renewed petition for writ of certiorari in *Boumediene* or the original proceeding in *Ali*.

Dated: May 3, 2007

Respectfully submitted,

/s/ Allison M. Lefrak
Douglas K. Spaulding
Gary S. Thompson
Allison M. Lefrak
Richard W. Roberts
REED SMITH LLP
1301 K Street, NW, Suite 1100
(East Tower)
Washington, DC 20005
Tel: (202) 414-9220

Bernard J. Casey
Casey ADR Services
P.O. Box 26215
San Francisco, CA 94126
Tel: (415) 515-0855

**Counsel for Petitioners**

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2007, I served the foregoing on the counsel listed below by electronically filing this document with the Court's CM/ECF system:

Peter D. Keisler
Douglas N. Letter
Joseph H. Hunt
Vincent M. Garvey
Judry L. Subar
Terry M. Henry
James J. Schwartz
Edward H. White
Robert J. Katerberg
Andrew I. Warden
Nicholas J. Patterson
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

*Attorneys for Respondents*

/s/ Allison M. Lefrak
Douglas K. Spaulding