UNCLASSIFIED//FOR PUBLIC RELEASE

SECRET

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Filed with Classified
Information Security Officer

CISO  S. Harwood

Date  6/1/2012

RAVIL KAMELEVICH MINGAZOV,

Petitioner,

v.

BARACK H. OBAMA, *et al.*,

Respondents.

Civil Action No. 05-02479 (TFH)

## ORDER

Pending before the Court are the following motions: (1) the respondents' Unopposed Motion to Deem Protected Information Highlighted in the Accompanying Proposed Public Factual Return for ISN 702, (2) the petitioner's Unopposed Motion to Seal Proposed Factual Return, and (3) the respondents' Motion for Rule 60(b) Relief from the Court's Order of May 13, 2010. Upon consideration of the motions, responses thereto, as well as the entire record in this case, it hereby is

**ORDERED** that the respondents' Unopposed Motion to Deem Protected Information Highlighted in the Accompanying Proposed Public Factual Return for ISN 702 is **GRANTED**. It further is

**ORDERED** that the petitioner's Unopposed Motion to Seal Proposed Factual Return is **GRANTED**. Finally, it is

**ORDERED** that Respondents' Motion for Rule 60(b) Relief from the Court's Order of May 13, 2010 is **GRANTED IN PART**. The motion seeks (1) a so-called "indicative ruling"

UNCLASSIFIED//FOR PUBLIC RELEASE

SECRET

pursuant to Rule 62.1(a)(3) of the Federal Rules of Civil Procedure and (2) relief from the judgment pursuant to Rule 60(b). The Court grants the motion for an indicative ruling but defers ruling on the request for Rule 60(b) relief.

Rule 62.1 of the Federal Rules of Civil Procedure provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. This Court finds itself in a singularly uncommon situation with respect to issuing an indicative ruling because Judge Henry Kennedy, who presided over the merits hearing and issued the judgment granting the petition for a writ of habeas corpus, retired without ruling on the respondents' motion seeking relief from that judgment. The respondents' motion seeks to reopen the judgment for the purpose of considering additional "new" evidence that was not presented during   e original hearing regarding the merits of the habeas petition. Unfortunately, this Court is unable to divine whether the additional new evidence would have swayed Judge Kennedy one way or the other, particularly since his decision was premised on assessments about the weight and credibility of evidence after a four-day hearing that this Court did not have the benefit of observing. More importantly, from the outset this Court might have evaluated the law and facts differently, so it is difficult to consider in isolation the question of whether the judgment should be reopened to admit the proffered new evidence because that new evidence -- on its own -- might have altered the Court's original decision.

2

UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET~~

In addition, at least one D.C. Circuit decision that was issued after Judge Kennedy granted the petition renders obsolete the legal analysis that Judge Kennedy applied to determine the case. *See Awad v. Obama*, 608 F.3d 1 (D.C. Cir. 2010). Judge Kennedy appeared to recognize this point by acknowledging in his August 4, 2010 order granting a stay pending appeal that his decision granting habeas relief was issued before the D.C. Circuit clarified in *Awad* that the respondents' detention authority does not require a factual finding that an individual was part of the "command structure" of a terrorist organization, which indicates that Judge Kennedy might have believed that he misapplied the law. This is supported by the fact that Judge Kennedy rejected by footnote the petitioner's request to clarify the opinion to explain that the habeas petition would have been granted even if Judge Kennedy had not applied the "command structure" standard. Declining that invitation, Judge Kennedy stated that he was "unable to say that [he] would have granted Mingazov's petition had *Awad* been decided when the merits of Mingazov's petition were being analyzed and decided." Order at 3 n.1 (Aug. 4, 2010). So this Court would be in the awkward position of attempting to go back in time and evaluate the new evidence in the context of prior evidence that was appraised based on a legal standard that no longer applies.

Ultimately, Judge Kennedy's May 13, 2010 opinion concluded that the respondents' evidence was deficient with respect to some key factual allegations because it was not corroborated. *Al-Harbi v. Obama*, No. 05-2479, classified slip op. at 21, 24, 29 (D.D.C. May 13, 2010). The respondents contend that the new evidence provides the corroboration Judge Kennedy found lacking, but the petitioner contests whether that is the case. Even assuming for

3

UNCLASSIFIED//FOR PUBLIC RELEASE

UNCLASSIFIED//FOR PUBLIC RELEASE

SECRET

the sake of argument that the respondents meet the requirements to reopen the judgment pursuant

to Rule 60(b), it would be challenging for this Court to fairly consider the impact of the new

evidence without conducting its own analysis of all the evidence as a whole, which, again, might

or might not differ from Judge Kennedy's assessment and could not responsibly be accomplished

without applying the now-applicable legal standards.

At best, from this vantage point the Court can state only that it finds that the motion raises

substantial issues that merit further consideration. The evidence appears to be central to the

litigation and is not cumulative. Frankly, though, it is virtually impossible for this Court to state

whether it would or would not grant the Rule 60(b) motion given the current posture of the case,

intervening precedent, and the transfer of this case from one judge to another.

Pursuant to Rule 62.1(b), the respondents shall promptly notify the Circuit Clerk of the

United States Court of Appeals for the District of Columbia Circuit about this disposition.

**SO ORDERED.**

June 1, 2012                                    /s/ *Thomas F. Hogan*
                                               Thomas F. Hogan
                                               United States District Judge

⌐

UNCLASSIFIED//FOR PUBLIC RELEASE