UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAVIL MINGAZOV,

Petitioner,

v.

BARACK H. OBAMA, *et al.*,

Respondents.

Civil Action No. 05-2479 (TFH)

ORDER

Pending before the Court is petitioner Ravil Mingazov's Motion to Govern Further Proceedings Following Remand by the Circuit Court [ECF No. 378]. Respondents have filed an opposition [ECF No. 381] and petitioner a reply [ECF No. 382]. Upon consideration of the motion, response thereto, and the entire record in this case, it hereby is

**ORDERED** that petitioner's Motion to Govern Further Proceedings Following Remand by the Circuit Court [ECF No. 378] is **GRANTED IN PART** inasmuch as petitioner requests a hearing on the merits of the government's pending motion for relief under Federal Rule of Civil Procedure 60(b), and **DENIED IN PART**. Petitioner's motion proposes a seven-part procedure governing proceedings following an order from the United States Court of Appeals for the District of Columbia Circuit remanding the record in this case for this Court to consider the government's Rule 60(b) motion. In essence, petitioner proposes that before the Court holds a hearing on the merits of the government's motion, it permit additional discovery and briefing on what petitioner deems to be a threshold legal issue that the Court must consider first—i.e., whether the additional evidence the government submits in support of its Rule 60(b) motion is

"newly discovered"—as well as on the "relevance" of the government's additional evidence to its Rule 60(b) motion.

As a threshold matter, and contrary to petitioner's assertions otherwise, the Court need not first decide whether the government's evidence is "newly discovered" where, as here, the government seeks relief not only under Rule 60(b)(2) (newly discovered evidence), but also under Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) and Rule 60(b)(6) (any other reason that justifies relief). Additionally, although petitioner implies that the government's evidence is irrelevant to its Rule 60(b) motion, the relevance of the evidence is readily apparent to the Court: if admitted, the government's evidence would tend to make it more or less probable (the government would contend more probable) that petitioner was part of al-Qaeda, which was the dispositive factual issue at the heart of the Court's May 13, 2010 Order that the government now seeks to vacate under Rule 60(b).

More to the point, and as the government notes in its opposition, petitioner's motion fails to include any citation to legal authority suggesting that he may conduct post-judgment discovery in support of his opposition to a Rule 60(b) motion in a Guantanamo Bay detainee habeas case. Indeed, the Court's Case Management Order does not contemplate such discovery, *see In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-0442, 2008 WL 4858241, at *2 (D.D.C. Nov. 6, 2008) (delineating pre-judgment discovery available to Guantanamo Bay detainee habeas petitioners), and even assuming it does, petitioner does not explain how allowing the discovery he requests would likely produce evidence that demonstrates petitioner's detention is unlawful, *cf. id.* (providing, in the context of pre-judgment discovery, that "Merits Judge may, for good cause, permit the petitioner to obtain limited discovery beyond that described in the

2

[Case Management Order]" upon showing, *inter alia*, that "the [discovery] request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful").

The Court acknowledges that petitioner cites, in his reply brief, four non-habeas cases outside of this jurisdiction—*In re Gledhill*, 76 F.3d 1070, 1074 (10th Cir. 1996); *Branca v. Security Ben. Life Ins. Co.*, 789 F.2d 1511, 1513 (11th Cir. 1986); *Wells Fargo Fin. Leasing, Inc. v. Comdisco, Inc.*, Civ. No. 05-0129, 2006 WL 1519324, at *5 (N.D. Ill. May 30, 2006); and *Ulloa v. City of Philadelphia*, 692 F. Supp. 481, 483 (E.D. Pa. 1988)—as examples of cases in which evidentiary hearings on Rule 60(b) motions were held or required to be held. These cases, petitioner contends, reflect the need for and propriety of discovery in such contexts. However, the Court finds the cases cited by petitioner inapposite to his discovery requests. Notably, none of the cases make reference to discovery for a non-moving party prior to an evidentiary hearing on a Rule 60(b) motion.[1] Nor do any of the cases relate to habeas litigation, in which the scope of discovery is more limited than is usually the case in civil litigation. *See In re Guantanamo Bay Detainee Litigation*, 2008 WL 4858241, at *2 (noting that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course" (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). In sum, petitioner fails to persuade the Court that it should exercise its discretion to grant the discovery he requests.

---

[1] In *Gledhill* and *Branca*, both *supra*, the courts of appeals merely referenced evidentiary hearings held or required to be held on Rule 60(b) motions. In *Ulloa*, the district court also referenced an evidentiary hearing held on a Rule 60(b) motion and, additionally, commented in a footnote that the movant had submitted a discovery demand with his motion, although the court ultimately denied the Rule 60(b) motion without addressing the discovery demand. 692 F. Supp. at 483 n.4, 488. In *Comdisco*, the district court noted, *inter alia*, that the underlying bankruptcy court proceedings included not only an evidentiary hearing, but also discovery on a movant's Rule 60(b)(3) motion. 2006 WL 1519324, at *4. While *Comdisco* suggests that discovery may be available to a moving party in support of their Rule 60(b) motion, *see id.*; *cf. Keepseagle v. Vilsack*, 102 F. Supp. 3d 205, 218 n.7 (D.D.C. 2015) (observing that prospective movant for Rule 60(b) relief failed to cite any legal authority permitting the Court to grant limited discovery in support of a Rule 60(b) motion, but suggesting that "the circumstances under which discovery is allowed in support of a Rule 60 motion appear limited to those in which the discovery sought is directly relevant to [the movant] proving the applicable basis for relief from judgment" (citing *Bowie v. Maddox*, 677 F. Supp. 2d 276, 285 (D.D.C. 2010)), it does not suggest—and the Court is not persuaded—that discovery would be warranted for a *non-moving* party in support of their *opposition* to a Rule 60(b) motion.

Accordingly, the parties shall appear for a status conference regarding the government's pending motion for relief under Federal Rule of Civil Procedure 60(b) on Thursday, May 12, 2016 at 10:00 AM in Courtroom 25A before Judge Thomas F. Hogan. If any counsel prefer, they may attend the status conference telephonically, provided that they notify the Court and all parties by close of business on Tuesday, May 10, 2016. A merits hearing date for the Rule 60(b) motion will be set at the status conference.

**SO ORDERED**.

April 28th, 2016

Thomas F. Hogan
United States District Judge